CULLEN BROWN, *et al. v.* CHARLES BISSELL, *et al.*

A bill of exceptions, returned with a writ of error, appeared to have been signed after the writ was sued out. *Held*, that this was at most, whether at common law, or under the provisions of the statute, (R. S. 383, § 16,) a mere *irregularity;* which was waived by joinder in error.

This was a motion, by the defendants in error, to strike from the record the bill of exceptions accompanying the writ of error and return thereto in this cause. The writ was sued out December 7th, 1843. The exceptions appear to have been signed December 9th. The plaintiffs in error had assigned errors, and the defendants joined in error in the common form, before the motion was made. The errors assigned were special, and mainly upon the matters in the bill of exceptions.

*G. E. Hand,* in support of the motion.

*E. C. Seaman,* contra.

GOODWIN, J. delivered the opinion of the Court.

It is insisted by the defendants in error, that the plaintiffs, by suing out the writ before the exceptions were signed, had waived them; that the bill subsequently signed is a nullity; and that, being so, the joinder is no waiver of the motion, and no admission that the bill is a part of the record. On the other hand, it is insisted that, under the statute, if the bill was signed during the term in which the exceptions were taken, it is well returned as a part of the record; and that, if not so, it is a mere irregularity, waived by the joinder in error.

The statute, (R. S. 383, § 16,) provides that, "Any party aggrieved," &c. may allege exceptions, " which, being reduced to writing and presented to the court before

the adjournment thereof without day, and being found conformable to the truth, shall be allowed and signed by the judges of the court, *and on being filed*, shall become a part of the record in the cause, if the party alleging such exceptions shall so elect." By this statute, the bill, when signed, (which must be during the term when the exceptions are taken,) is filed in the circuit court, and then, if the party who alleges the exceptions so elects, becomes a part of the record. When it comes into this court, it comes as a part of the return to the writ of error. In this case it is so returned, and, in the clerk's certificate, it is stated to be the bill signed, and directed by the judges of that court to be filed. Can it then, for the cause alleged, be considered a nullity? Under the provisions of the statute referred to, we think it cannot; and that the fact complained of would, at most, be a mere technical irregularity, which is therefore, of course, cured by the joinder in error. Suppose the plaintiff, upon discovering the mistake complained of, had discontinued his writ before the return; could he not then have taken a second writ, and had the bill returned with the record?

Our statute differs materially from the English statute on this subject. In that, it is expressly provided, that, when an exception is sealed, and, upon the return of the record, "the exception is not found in the roll, and the party show the exception written, with the seal of the justice affixed, the justice shall be commanded that he appear at a certain day, to confess or deny his seal: and, if the justice cannot deny his seal, judgment shall be given according to the exception, as it may be allowed or disallowed." Tidd's Pr. 862, 3. Under our statute no such proceeding is had; and the bill of exceptions is certified from the court below, with, and as a part of, the record there.

But under the English statute, and the practice under

it, this motion could scarcely prevail.   It is alleged that the suing out of the writ before the signing of the exceptions, being a waiver of them, the bill signed afterwards is a nullity.   From the case referred to in support of this rule, in Tidd's Pr. 861, it appears that a motion was made in the Exchequer Chamber, in a case brought up there on error to the King's Bench, for a rule on the opposite party, that a bill of exceptions should be settled by the judge in the court below, and appended to the transcript in the superior court.   Two of the justices said the motion could not be granted *in that court;* one other said the writ and return were a waiver of the exceptions, and there was no authority to grant the relief sought; and the whole court concurred in denying the motion.   In a later case however, (*Willans* v. *Taylor*, 6 Bing. R. 512, 2 Barn. & Ad. R. 846,) after error brought, a bill of exceptions, which had been previously sent to defendant's attorney, was settled; and, on a special application to the superior court, (Exchequer Chamber,) it was allowed to be tacked to the record there, upon terms, and the cause heard on the exceptions.

By the common law practice, then, the bill of exceptions could not be considered a nullity, and by it, we think, therefore, the alleged irregularity would be waived, or cured, by the joinder in error.   On the principles, then, of the common law, as well as under the provisions of our statute, the motion must be denied.

*Motion denied.*